** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLOVIS PRINCE, | § | |
| | § | |
| *Appellant,* | § | |
| | § | CIVIL ACTION No. 4:16-CV-039 |
| v. | § | |
| | § | U.S. Bankruptcy Court Case No. 09-43627 |
| INTERNAL REVENUE SERVICE, et al., | § | |
| | § | AFC |
| *Appellee.* | § | |

### MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Clovis Prince, proceeding pro se, appeals a bankruptcy order dispersing $146,450 in proceeds from the sale of 318 Covington Court, Murphy, Texas 75094 that was originally designated as Mr. Prince's homestead exemption in a 2011 order to the Internal Revenue Service. The IRS had filed a tax lien against the property prior to Mr. Prince's bankruptcy. Mr. Prince argues multiple grounds for reversal. The court finds no error in the bankruptcy court's rulings and affirms the judgment.

### I. PROCEDURAL DEFECTS

First, in its brief, the IRS argues that Mr. Prince's appeal should be dismissed since he failed to pay the required filing fee, the bankruptcy court having denied Mr. Prince's Motion to Proceed in Forma Pauperis on appeal, and failed to designate a record for appeal pursuant to Federal Rule of Bankruptcy 8009(a). (DOC. # 12); (Bankruptcy Proceeding, 09-43627, Dkt. # 522). Mr. Prince responds by arguing that this court has previously determined he is indigent and that since that determination he has become "flat broke!" (DOC. # 13, pg. 5). Further, Mr.

Prince has also asked the court to give him leeway in applying the procedural rules considering he is representing himself pro se.

While the court is inclined to be lenient when it comes to the filing fee, Mr. Prince has filed several pro se appeals both to this court, the Fifth Circuit, and the United States Supreme Court.[1] By now, he should be well aware of the requirements he must meet for filing an appeal. The court considered allowing Mr. Prince a chance to perfect his record but found that after reviewing the arguments he submitted in his brief, his appeal is completely meritless. The court concludes that it would be more expedient and less costly to simply address Mr. Prince's appeal on the merits without requiring Mr. Prince to designate a record. The court cites directly to the bankruptcy court's docket when necessary.

For this purpose, when the court cites to the record from another proceeding, it provides the general classification of that other proceeding, the proceeding's cause number, and the docket number used in that proceeding. The citation form "DOC." is used when the court is citing to its own appellate record.

The court has obtained a recording of the hearing from the bankruptcy court. That audio recording has been filed on the docket sheet. After listening to the recording, the court concludes that it does not affect the outcome of Mr. Prince's appeal. For this reason, the court has

---

[1] This is a list of just a few of Mr. Prince's appeals:

1. *Prince v. Am. Bank of Tex.*, 4:11-CV-851, 2012 WL 3961218 (E.D. Tex. Sept. 10, 2012);
2. *In re Prince*, 548 F. App'x 262 (5th Cir. 2013), *reh'g denied*, 134 S. Ct. 2748 (2014);
3. *U.S. v. Prince*, 547 F. App'x 587 (5th Cir. 2013);
4. *Prince v. CMS Wireless LLC*, 4:11-CV-438, 2012 WL 1015001 (E.D. Tex. Mar. 22, 2012).

determined that requiring a transcript of the hearing would not be economical. The court does not reference the hearing in its Opinion.

## II. BACKGROUND

On December 9, 2010, Mr. Prince was convicted of bank fraud, bankruptcy fraud, money laundering, and perjury. (Criminal Proceeding, 4:09-CR-161, Dkt. # 182). On March 9, 2012, Mr. Prince was sentenced to thirty years imprisonment, as well as several other concurrent prison terms. (Criminal Proceeding, 4:09-CR-161, Dkt. # 312). Mr. Prince was also ordered to pay $13,640,425.56 in restitution. (Criminal Proceeding, 4:09-CR-161, Dkt. # 312).

A month prior to his criminal trial, Mr. Prince filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, which was assigned the case number 09-43627. Michelle Chow ("Trustee") was appointed the trustee of the bankruptcy estate. On September 1, 2010, the IRS filed its Proof of Claim in that proceeding. The IRS's claim was based on a tax lien it had filed in September of 2008 with the Collin County Clerk. On October 13, 2010, in response to three pro se motions filed by Mr. Prince requesting sanctions, the bankruptcy court issued a vexatious litigant order prohibiting Mr. Prince from filing motions for sanctions without the court's permission. (Bankruptcy Proceeding, 09-43627, Dkt. 142). On July 25, 2011, the bankruptcy court designated $146,450 of 318 Covington Court, Murphy, Texas 75094 ("Covington Court Property") as Mr. Prince's homestead exemption ("the 2011 decision"). (Bankruptcy Proceeding, 09-43627, Dkt. # 249). Mr. Prince appealed the 2011 decision to this court. (Bankruptcy Proceeding, 09-43627, Dkt. # 250). On September 11, 2012, the Honorable Marcia Crone affirmed the bankruptcy court's designation of Mr. Prince's homestead exemption. (Bankruptcy Proceeding, 09-43627, Dkt. # 361).

A little over three years after the 2011decision was affirmed, the bankruptcy court ordered the Covington Court Property to be sold free and clear of all liens. (Bankruptcy Proceeding, 09-43627, Dkt. # 471). That order included a statement that the IRS's lien on the Covington Court Property shall attach to the net proceeds of the sale as well as the $146,450 in exempt funds. (Bankruptcy Proceeding, 09-43627, Dkt. # 471). After the sale was completed, both Mr. Prince and the IRS filed motions asking the bankruptcy court to disperse the $146,450 in exempt funds to them. (Bankruptcy Proceeding, 09-43627, Dkt. ## 488, 489). On December 15, 2015, the bankruptcy court held a hearing on Mr. Prince's and the IRS's motions. On December 23, 2015, the bankruptcy court ordered that the exempt proceeds shall be dispersed to the IRS. (Bankruptcy Proceeding, 09-43627, Dkt. # 512). On December 28, 2015, Mr. Prince appealed this decision. (Bankruptcy Proceeding, 09-43627, Dkt. # 520).

## III. DISCUSSION

**A. Issues Presented**

Mr. Prince raises six issues on appeal:

(1) Whether the IRS has waived its claim to the proceeds of the Covington Court sale by not taking action to enforce its lien prior to the designation of Mr. Prince's homestead exemption;

(2) Whether res judicata or collateral estoppel bars the IRS's claim to the Covington Court sales proceeds;

(3) Whether the IRS's claim should be barred based on a $5 million tax credit allegedly owed to C. Prince & Associates Consulting, Inc.;

(4) Whether Mr. Prince was prejudiced by the IRS's failure to provide its exhibits to Mr. Prince prior to the December 15th hearing;

(5) Whether the bankruptcy court abused its discretion by denying Mr. Prince's Motion to Present Documentary Evidence;

4

(6) Whether the Trustee had standing to object to Mr. Prince's request to disperse the Covington Court sales proceeds.

**B. Standard of Review**

The bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions and any mixed questions of law and fact are reviewed de novo. *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008). Since Mr. Prince's Motion to Present Documentary Evidence asked the bankruptcy court to consider additional evidence after making a final determination, the court reviews that Motion's denial for an abuse of discretion. *See Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

**C. The IRS did not waive its claim to the Covington Court Proceeds.**

Mr. Prince argues that the IRS waived its claim to the Covington Court Proceeds because it (1) failed to timely object to Mr. Prince's designation of Covington Court as his homestead; (2) failed to levy against the property to collect on its tax lien; and (3) failed to file an adversary proceeding.

First, Mr. Prince rightly states that creditors must dispute an exemption within thirty days of the creditors meeting. *In re Peres*, 530 F.3d 375, 377 (5th Cir. 2008). However, at least one bankruptcy court has concluded that the IRS does not have to object to a homestead exemption designation in order to make a claim against the sale proceeds of that homestead. *See In re Duncan*, 406 B.R. 904, 909–10 (D. Mont. 2009). This is because the Texas homestead exemption has no effect on a federal tax lien. *United States v. Rodgers*, 461 U.S. 677, 700–02 (1983). Further, properly filed tax liens are an express exception to the bankruptcy code's homestead exemption. 11 U.S.C. § 522(c)(2)(B). It would be senseless to require the IRS to

object to a homestead exemption when that exemption has no effect on the collectability of its tax lien.

Second, while federal tax liens are self-executing, the IRS is not required to levy against the property in order to enforce its tax lien. The IRS merely has to take "affirmative action" to enforce its liens. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985). Filing a Proof of Claim in a bankruptcy proceeding and moving for dispersal of the sales proceeds is certainly sufficient affirmative action, especially given the automatic stay applied to collection actions taken outside the bankruptcy proceeding. 11 U.S.C. § 362.

Third, Mr. Prince makes much of the fact that the IRS did not file an adversary proceeding. It is not clear why this is important. Adversary proceedings are only required in certain circumstances. Fed. R. Bankr. P. 7001. Normally, creditors do not have to file an adversary proceeding to enforce their claims. *See* 11 U.S.C. § 502(a) ("A claim . . . is deemed allowed, unless a party in interest . . . objects."). In fact, at least one court required the *debtor* to file an adversary proceeding in order to invalidate an IRS tax lien. *In re Dunmore*, 262 B.R. 85, 86–87 (N.D. Cal. 2001). The best the court can tell, Mr. Prince is arguing that the IRS was required to file an adversary proceeding to contest the homestead exemption. This is unnecessary for the same reasons that it was unnecessary for the IRS to object to the homestead exemption designation.

The court concludes that the bankruptcy court did not err in determining that the IRS did not waive its claim to the Covington Court sales proceeds.

**D. The IRS's claim to the proceeds is not barred by res judicata or collateral estoppel.**

Mr. Prince argues that the 2011 decision designating his homestead exemption bars the IRS's claim under the doctrines of res judicata and collateral estoppel.[2] *In re Prince*, 09-43627, 2011 Bankr. LEXIS 5511 (E.D. Tex. July 25, 2011).

The elements of res judicata are: (1) "the parties to both actions are identical (or at least in privity)"; (2) "the judgment in the first action is rendered by a court of competent jurisdiction"; (3) "the first action concluded with a final judgment on the merits"; and (4) "the same claim or cause of action is involved in both suits." *Ellis v. Amex Life Ins.*, 211 F.3d 935, 937 (5th Cir. 2000).

The requirements of collateral estoppel are: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005)).

The court does not analyze each element of res judicata and collateral estoppel because it is clear that the 2011 decision did not address the same issue or claim. The bankruptcy court's 2011 decision only determined that Mr. Prince could make a claim for $146,450 out of the sale proceeds from the Covington Court Property due to his homestead exemption. *See In re Prince*, 2011 Bankr. LEXIS 5511, at *9–11. Once the property was sold, Mr. Prince asserted that claim. The IRS, however, claimed the same proceeds pursuant to its tax lien on the property. As previously stated, homestead exemptions do not bar IRS tax liens. 11 U.S.C. § 522(c)(2)(B);

---

[2] Mr. Prince merely lists collateral estoppel in the title of one of his sections and does not give any discussion as to its applicability. However, since Mr. Prince is a pro se appellant, the court addresses the collateral estoppel issue as well, ultimately concluding that it is inapplicable.

7

*Rodgers*, 461 U.S. at 700–02. Based on this law, the bankruptcy court concluded that the IRS's claim trumped Mr. Prince's homestead exemption. This was not a redetermination of whether Mr. Prince had a valid homestead exemption but was instead a judgment that the IRS was entitled to the sales proceeds in spite of Mr. Prince's homestead exemption. These are separate issues, and neither res judicata nor collateral estoppel applies.

The bankruptcy court correctly concluded that the IRS's claim was not barred by res judicata or collateral estoppel.

**E. The IRS's claim was not barred by the $5 million tax credit owed to C. Prince & Associates Consulting, Inc.**

Mr. Prince's sole argument as to why he did not owe any taxes to the IRS rests on an alleged $5 million tax credit for bad debt losses. Mr. Prince admits that this credit is owed to C. Prince & Associates Consulting, Inc., which is allegedly 100% owned by Mr. Prince and the subject of a separate bankruptcy proceeding consolidated with the underlying proceeding. (DOC. # 11, pgs. 24–25). This credit was based on bad debt losses that C. Prince & Associates suffered in past tax years. (Bankruptcy Proceeding, 09-43627, Dkt. # 519, pg. 10). A tax court addressed this very same question and concluded that such credits may only be applied by the corporation that suffered the losses and cannot be applied by the corporation's owners. *See Sundby v. Comm'r of Internal Revenue*, 86 T.C.M. (CCH) 58, 2003 WL 21638265, at *4 (T.C. 2003). This makes sense, considering the differences in the laws governing taxation of individuals and corporations. Generally, a proof of claim is considered prima facie valid, and the debtor has the burden of rebutting its validity. *In re Jacobson*, 362 F. App'x 413, 415 (5th Cir. 2010). Since Mr. Prince's only evidence rebutting the validity of the IRS's claim was the alleged $5 million tax

8

credit, the bankruptcy court did not err in concluding that the IRS had an allowed secured claim against the proceeds of the Covington Court sale.

**F. Mr. Prince was not prejudiced by the IRS's failure to produce its exhibits prior to the December 15th Hearing.**

Mr. Prince next argues that the IRS did not provide him with copies of the exhibits it used at the December 15th hearing. The first exhibit presented by the IRS was a copy of its Proof of Claim, which was filed as Claim 5-1 in the bankruptcy action. (DOC. # 11-2). The second exhibit consists of two pages that appear to lay out the amount of taxes personally owed by Mr. Prince. (DOC. # 11-3). Mr. Prince alleges that the failure to produce these exhibits prevented him from being able to present rebuttal evidence invalidating the IRS's claim. This supposedly violated his due process rights, equal protection rights, and rights under Federal Rule of Evidence 301, as well as causing him substantial prejudice.

First, it is difficult to see how Mr. Prince was, as he put it, "surprised" by these exhibits. The IRS filed a witness and exhibit list prior to the December 15th hearing listing both exhibits. (Bankruptcy Proceeding, 09-43627, Dkt. 508). Mr. Prince does not argue that he did not receive this list. Also, one of the exhibits, the Proof of Claim, had been on file with the court since September 1, 2010. (Bankruptcy Proceeding, 09-43627, Claim 5-1).

Further, the IRS clearly laid out the basis for its claim in its Motion to Distribute Secured Proceeds Held by the Estate, stating that it had filed its Proof of Claim in the proceeding and citing to a Federal tax lien filed with the Collin County Clerk. (Bankruptcy Proceeding, 09-43627, Dkt. # 488, pg. 2). Mr. Prince *responded* to this motion, acknowledging that "the IRS filed a lien." (Bankruptcy Proceeding, 09-43627, Dkt. # 504, pgs. 8). It is difficult to see how Mr. Prince "had no knowledge of any said tax periods in questions [sic] . . . [or] any alleged tax

9

delinquent amounts," when he specifically responded to the IRS's Motion. (DOC. # 11, pgs. 22, 29).

It is also difficult to see how Mr. Prince was prevented from presenting his rebuttal evidence. He argued in his response to the IRS's motion that "he does not owe the IRS any delinquent taxes, based upon the over $5 million overpayment in tax assessment due to the Lucent Technology business loss." (Bankruptcy Proceeding, 09-43627, Dkt. # 504, pgs. 12). One would think that a person with as much litigation experience as Mr. Prince would have been prepared to support the claims he made in his response whether or not the IRS had provided its exhibits to him prior to the hearing.

Finally, even if Mr. Prince was prevented from rebutting the IRS's claim, his sole theory as to why the IRS's claim is invalid rests on the $5 million credit owed to C. Prince & Associates. The court has already shown why this theory is meritless. Any error that prevented Mr. Prince from presenting his rebuttal evidence would have been harmless.

Based on this record, the court cannot say that Mr. Prince was prejudiced, much less that the failure to produce the exhibits "so infused the [December 15th hearing] with unfairness" as to constitute a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (quoting *Lisenba v. California*, 314 U.S. 219, 228 (1941)). Federal Rule of Evidence 301 states that "the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption." Mr. Prince does not show how his failure to meet his burden of proof under this rule was caused by anyone but himself.

**G. The bankruptcy court did not abuse its discretion by denying Mr. Prince's Motion to Present Documentary Evidence.**

Approximately three weeks after the December 15th hearing, Mr. Prince filed a motion in the bankruptcy court asking it to vacate the Order dispersing funds to the IRS and presenting, for the first time, the evidence that C. Prince & Associates was allegedly entitled to a $5 million tax credit. (Bankruptcy Proceeding, 09-43627, Dkt. # 519). The bankruptcy court denied this motion on February 18, 2016. (Bankruptcy Proceeding, 09-43627, Dkt. # 527).

"Among the factors the trial court should examine in deciding whether to allow a reopening [of the record and redetermination of a past decision] are the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the nonmoving party." *Garcia*, 97 F.3d at 814.

Mr. Prince is not allowed to apply the tax credit owed to C. Prince & Associates to his personal tax liabilities. Nothing prevented Mr. Prince from submitting his tax credit evidence at the December 15th hearing. The bankruptcy court correctly concluded that the new evidence would be irrelevant and that Mr. Prince had no reason for not introducing it at the hearing. (Bankruptcy Proceeding, 09-43627, Dkt. # 527). The bankruptcy court did not abuse its discretion in denying Mr. Prince's motion.

**H. The Court does not decide whether the Trustee had standing to object.**

Finally, Mr. Prince argues that the Trustee did not have standing to object to his Motion for the Release of Homestead Exemption Payment. The Trustee has not filed a brief in this appeal. The Trustee's objection to Mr. Prince's request merely incorporated the IRS's arguments for why it should receive the sale proceeds from the Covington Court Property. (Bankruptcy Proceeding, 09-43627, Dkt. # 493). While Mr. Prince argues that he was prejudiced by the

Trustee's objection, nothing in the bankruptcy court's orders or elsewhere shows that the bankruptcy court ever ruled that the Trustee had standing to object or relied on the Trustee's objection in any material way when making its decision. Further, as stated above, the bankruptcy court's decision was clearly based on current law. Therefore, it is unnecessary for the court to address whether the Trustee had standing or not.

## IV. CONCLUSION

The bankruptcy court did not err in ordering that the $146,450 in proceeds designated as Mr. Prince's homestead exemption shall be dispersed to the IRS. Accordingly, IT IS THEREFORE ORDERED that the bankruptcy court's December 23, 2015 Orders dispersing the homestead exempt proceeds to the IRS and not Mr. Prince, as well as the Order denying Mr. Prince's Motion to Present Documentary Evidence, are hereby AFFIRMED.

So **ORDERED** and **SIGNED** this **23** day of **May, 2016.**

_____
Ron Clark, United States District Judge